The defendant has certainly acquired no title by the grant to him from the State; and without entering into the consideration of the general question, whether (168) parol evidence may be introduced to invalidate a grant on all occasions, this case may be decided upon its own special circumstances. For the evidence which locates and points out a subject for the operation of the grant, at the same time proves that the land which it purports to convey was not, at the time it has date, subject to be so granted. Upon the second point it may be observed that neither the European governments nor the Government of the United States, nor that of North Carolina, have considered the Indian title other than a mere possessory right; and the Government of the United States as well as the governments of the several States have claimed and respected in each other the claim to exclusive *Page 130 
jurisdiction and title to territory occupied by the Indian tribes, The treaty of 1791, with the Cherokees, cannot be considered, therefore, as conveying a title to the soil of this land to the United States. It can only be received as a relinquishment of that possessory right which alone had been yielded to the Indians. This right did, of course, vest according to the precedent claims of North Carolina, known and admitted by the United States themselves. It is true, the treaty was made by the United States; because by the Federal Constitution the General Government had been made the agent of North Carolina for that purpose.
Let judgment be entered for the plaintiff.
Cited: Tyrell v. Mooney, post, 404; Stanmire v. Powell, 35 N.C. 315;Lovingood v. Burgess, 44 N.C. 408; Barnett v. Woods, 58 N.C. 433;Dugger v. McKesson, 100 N.C. 11; Brown v. Brown, 103 N.C. 219, 20, 21;Gilchrist v. Middleton, 107 N.C. 679; Wool v. Saunders, 108 N.C. 736;Bd. of Education v. Makely, 139 N.C. 37; Frazier v. Cherokee Indians,146 N.C. 481.